UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| ALLEN RHEAUME, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:15-cv-258 |
| | : | |
| COREY GRISWOLD, JACY DENNETT, | : | |
| DALE MESSIER, and ROBERT NORRIS, | : | |
| in their individual and official capacities, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

ORDER
(Docs. 32, 37, 39, 40)

I.   Introduction

Plaintiff Allen Rheaume, a Vermont inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, seeking compensatory and punitive damages against Defendants Corey Griswold, Jacy Dennett, Dale Messier, and Robert Norris (collectively, "Defendants"), employees of the Franklin County Sheriff's Department.  (Doc. 5 ("Am. Compl.").)  Defendants move to dismiss all official capacity claims and the individual capacity claims against Messier and Norris under Federal Rules of Civil Procedure 12(b)(1) and (6).  (Doc. 32.)  Rheaume also filed motions requesting the Court order the U.S. Marshals to complete service on Norris (Doc. 37), an extension of time to complete service on Norris (Doc. 39), and appointment of counsel (Doc. 40).  For the reasons that follow, Defendants' motion to dismiss (Doc. 32) is GRANTED.  Rheaume's motion for appointment of counsel is DENIED, and his motions regarding serving Norris are DENIED as moot.

II.     Background

Rheaume alleges that on March 17, 2004, at 10:00 p.m., he was arrested by the Franklin County Sheriff's Office at a private residence at 10 Adams Street, St. Albans, Vermont. (Am. Compl. ¶ 1.) Defendants Corey Griswold and Jacy Dennett transported Rheaume to the Franklin County jail and then to Northwest State Correctional Facility ("NWSCF") in Swanton, Vermont. Handcuffs and leg irons were placed on Rheaume with such excessive force that he "though[t] he was going to die from the pressure." Id. ¶ 4. Despite his numerous requests to have the restraints loosened, they were not loosened or removed from the time of arrest through his lodging at NWSCF. Id. ¶ 15. He sought immediate medical services at NWSCF. He alleges he could not feel his hands and lower legs for six months and suffers permanent injury of nerve damage in his lower legs that has resulted in constant pain. Id. ¶¶ 18-19.

Rheaume alleges Dale Messier and Robert Norris failed to properly train and supervise Griswold and Dennett. (Am. Compl. ¶ 24.)

III.    Discussion

Defendants move to dismiss Rheaume's claims against all Defendants in their official capacities and the individual capacity claims against Messier and Norris. (Doc. 32.) Rheaume opposes the motion. (Doc. 35.)[1] Defendants filed a reply (Doc. 36) and Rheaume filed a sur-reply (Doc. 38). Defendants argue dismissal is appropriate under both Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. They assert subject matter jurisdiction is lacking because Vermont

---

[1] Rheaume also filed a "Motion in Opposition to Defendant's [sic] Renewed Motion to Dismiss" (Doc. 34), docketed as an opposition to the motion to dismiss, in which he requested an order relieving him of responding to Defendants' motion until Defendants Messier and Norris waived service. In light of his subsequent filing of an opposition, see Doc. 35 (also titled "Motion in Opposition to Defendant's [sic] Renewed Motion to Dismiss"), the Court finds his request moot.

sheriffs and deputies have sovereign immunity in their official capacities. (Doc. 32 at 3-5.) Defendants Messier and Norris also argue the individual capacity claims against them fail to state a claim. Id. at 7-11.

A court should grant a Rule 12(b)(1) motion to dismiss if it is not authorized by statute or the Constitution to adjudicate the plaintiff's claims. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The party asserting subject matter jurisdiction has the burden of proving its existence by a preponderance of the evidence. Id. In determining whether subject matter jurisdiction exists, the court may look to evidence outside the complaint. Id. (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)). In reviewing the complaint, the Court notes that because the Plaintiff is proceeding pro se, it must construe his submissions liberally and interpret them to raise the strongest arguments they suggest. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). While pro se litigants are afforded a liberal pleading standard, Erickson v. Pardus, 551 U.S. 89, 94 (2007), nonetheless, a pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law, Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992).

At the outset, the Court notes Rheaume requests Defendant Messier, former Franklin County Sheriff, be dismissed because he "had nothing to do with any of the allegations" in the complaint. (Doc. 35 at 9.) Accordingly, all claims against Defendant Messier are dismissed.

Defendants argue they are entitled to Eleventh Amendment sovereign immunity. The Eleventh Amendment of the United States Constitution prohibits a citizen from bringing a suit against his or her own state or its agencies in federal court, absent a waiver of immunity and consent

to suit by the state or a valid abrogation of constitutional immunity by Congress. Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72-73 (2000); Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-47 (1993); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-100 (1984). The Eleventh Amendment pertains only to official capacity claims, see Kentucky v. Graham, 472 U.S. 159, 169 (1985); individual capacity claims are not protected by the Eleventh Amendment, Hafer v. Melo, 502 U.S. 21, 30-31 (1991). Sovereign immunity is a threshold issue that must be addressed prior to considering dismissal for failure to state a claim. See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

  The State of Vermont has preserved its immunity under the Eleventh Amendment by statute, thereby rendering Vermont state agencies immune from suit. Vt. Stat. Ann. tit. 12, § 5601(g). "A claim against a government officer in his official capacity is, and should be treated as, a claim against the entity that employs the officer." Mathie v. Fries, 121 F.3d 808, 818 (2d Cir. 1997). The Second Circuit Court of Appeals has noted a Vermont sheriff or deputy sheriff is "likely a state official when performing his general duties." Huminski v. Corsones, 396 F.3d 53, 73 (2d Cir. 2005). Given the guidance provided by the Huminski decision, the Court finds Defendants Griswold and Dennett--both Franklin County Sheriff's Department Deputies--were acting as state officials when they performed their duties in transporting Rheaume on March 17, 2004. Likewise, Sheriff Norris' supervision of Griswold and Dennett is a general duty. Accordingly, the constitutional claims for damages against Griswold, Dennett, and Norris in their official capacities are dismissed because they are barred by Eleventh Amendment sovereign immunity. See Darcy v. Lippman, 356 F. App'x 434, 437 (2d Cir. 2009) ("The Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities.").

  Defendant Norris argues all claims against him should be dismissed for failure to state a claim because the amended complaint fails to allege sufficient personal involvement. (Doc. 32 at 7-

4

11.)  Rheaume argues Norris "failed to train and properly supervise Sheriff Officers Griswold and Dennett in the proper use and application of the HOBBLE Restraint . . . and also allowed . . . these HOBBLE RESTRAINTS to be placed in Sheriff Officers Griswold and Dennett's Sheriff's Cars." (Doc. 35 at 10; see also Doc. 38.)

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks and citation omitted). If a defendant is a supervisory official, a mere "linkage" to the unlawful conduct through the "prison chain of command," i.e., respondeat superior, is insufficient to show personal involvement. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). Instead, a plaintiff must show some tangible connection between the unlawful conduct and the defendant. See Raspardo v. Carlone, 770 F.3d 97, 116 (2d Cir. 2014) (noting the Supreme Court has "confirmed that liability for supervisory government officials cannot be premised on a theory of respondeat superior because § 1983 requires individual, personalized liability on the part of each government defendant"). Supervisory personnel may be considered "personally involved" if a plaintiff can show the defendant:  (1) participated directly in the alleged constitutional violation; (2) failed to remedy the wrong after being informed of the violation; (3) created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) exhibited deliberate indifference to plaintiff's rights be failing to act on information indicating that unconstitutional acts were occurring. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

Rheaume's claim is based on the alleged misconduct of Defendants Griswold and Dennett in placing the restraints and the only allegation against Defendant Norris is that he failed to train and properly supervise them. Accordingly, Rheaume must show Norris was grossly negligent in his supervision of Griswold and Dennett. "The standard of gross negligence is satisfied where the

plaintiff establishes that the defendant-supervisor was aware of a subordinate's prior substantial misconduct but failed to take appropriate action to prevent future similar misconduct before the plaintiff was eventually injured." Raspardo, 770 F.3d at 177.  Rheaume's allegation against Norris does not satisfy Colon because it does not sufficiently allege gross negligence in his supervision of Griswold or Dennett.  There is no indication of any prior misconduct or that, if there was, Norris was aware of it and failed to take appropriate action.  Rheaume's individual capacity claim against Defendant Norris is dismissed.

Following the above analysis, individual capacity claims against Defendants Griswold and Dennett remain.  Rheaume alleges the injuries resulting from Defendants' use of excessive force in restraining him during and after his arrest occurred on March 17, 2004.  Rheaume filed his complaint November 12, 2015, over eleven years later.  (Doc. 8.)  If Vermont's three-year statute of limitations for personal injury actions applies, see Vt. Stat. Ann. tit. 12, § 512(4); Wallace v. Kato, 549 U.S. 384, 387 (2007) (noting length of statute of limitation for § 1983 action derived from "that which the State provides for personal-injury torts"); Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); Chin v. Bowen, 833 F.2d 21, 23-24 (2d Cir. 1987) ("[T]he Wilson Court held that state statutes of limitations governing personal injury claims should be borrowed in all cases brought pursuant to 42 U.S.C. § 1983."), and in the absence of tolling, it appears the complaint is time-barred.  The standard rule is a cause of action accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Wallace, 549 U.S. at 388 (internal quotation marks and citations omitted).  The Court requests the parties brief the issue of the timeliness of Rheaume's complaint with regard to his remaining claims against Griswold and Dennett in their individual capacities.

In light of the dismissal of all claims against Defendant Norris, Rheaume's motions requesting the Court order the U.S. Marshals to complete service on Norris (Doc. 37) and an

extension of time to complete service on Norris (Doc. 39) are denied as moot.  Further, Rheaume's motion to appoint counsel (Doc. 40) is DENIED at this point because, as a pro se plaintiff in a civil case, he has not "met a threshold showing of some likelihood of merit."  Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010) (quotation marks omitted).  The Court notes a "party has no constitutionally guaranteed right to the assistance of counsel in a civil case."  Leftridge v. Conn. State Trooper Officer No. 1283, 640 F.3d 62, 68 (2d Cir. 2011).

IV.     Conclusion

Defendants' motion to dismiss (Doc. 32) is GRANTED.  The official capacity claims against Defendants Griswold, Dennett, Messier, and Norris are DISMISSED.  Further, individual capacity claims against Defendants Messier and Norris are DISMISSED.  Rheaume's motion to appoint counsel (Doc. 40) is DENIED.  Rheaume's motions for service (Doc. 37) and an extension of time (Doc. 39) are DENIED as moot.

The parties shall file memoranda, on or before August 12, 2016, limited to five pages, addressing the issue of the timeliness of Rheaume's complaint with regard to his remaining claims against Griswold and Dennett in their individual capacities.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 20th day of July, 2016.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge