UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| ALLEN RHEAUME, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:15-cv-00258-jgm |
| | : | |
| COREY GRISWOLD and JACY DENNETT, | : | |
| in their individual capacities, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

ORDER
(Docs. 43, 44)

I.      Introduction

Plaintiff Allen Rheaume, a Vermont inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, seeking compensatory and punitive damages. (Doc. 5 ("Am. Compl.").) After a prior Order, the remaining defendants are Corey Griswold and Jacy Dennett, in their individual capacities (collectively, "Defendants"), employees of the Franklin County Sheriff's Department. (Doc. 42.) The Court ordered the parties to file memoranda addressing the issue of the timeliness of Rheaume's complaint. Id. at 7. Defendants responded with a motion to dismiss the remaining claims against them, arguing the statute of limitations bars the action. (Doc. 43.) Rheaume responded with a "motion to dismiss" under Federal Rule of Civil Procedure 41(a). (Doc. 44.)

II.     Background

For a complete factual background regarding the claims alleged, see the Court's Order of July 20, 2016. (Doc. 42.) For purposes of the pending motions, the pertinent facts are that no answer or motion for summary judgment has been filed or served.

III.    Discussion

Rule 41 of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss an action without an order of the court "by filing . . . a notice of dismissal before the opposing party

serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(i). Such a dismissal requires no approval or action by the court because the plaintiff retains an "unfettered right to voluntarily and unilaterally dismiss an action." Thorp v. Scarne, 599 F.2d 1169, 1175-76 (2d Cir. 1979) (noting Congress has left no discretion to the courts to determine the point at which a plaintiff may dismiss an action).

Here, though the case has been pending for over a year, and the Court has addressed multiple motions, Defendants have not served an answer or a motion for summary judgment. Though Defendants have filed a motion to dismiss--and an opposition to Rheaume's filing--seeking dismissal with prejudice, the Court lacks the power to grant the relief they seek. See Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 114 (2d Cir. 2009) ("Dismissal of a suit may be disruptive and annoying, but it is permitted by the rules."). Under Rule 41(a)(1)(i), Rheaume's dismissal is effective in the absence of any action by the Court. Thorp, 599 F.2d at 1176; see also Kilpatrick v. Tex. & Pac. Ry., 166 F.2d 788, 792 (2d Cir. 1948) (J. Learned Hand) (holding district courts are powerless to vacate a voluntary dismissal under Rule 41(a)(1)(i) even after a motion to dismiss has been filed). Accordingly, there are no claims to dismiss: Rheaume's "motion to dismiss" (Doc. 44) operates as his Rule 41 notice of dismissal and Defendants' motion to dismiss (Doc. 43) is rendered moot.

IV.   Conclusion

Plaintiff Rheaume's remaining claims have been voluntarily dismissed (Doc. 44). Defendants' motion to dismiss (Doc. 43) is DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 3rd day of January, 2017.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge